IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-97-0036-23 |
| | § | |
| FRED LANDERS HERNDON, JR. | § | (Civil Action No. H-05-2096) |
| | § | |

# **MEMORANDUM AND ORDER**

The defendant, Fred Landers Herndon, Jr., has filed a motion to vacate his conviction and sentence. (Criminal Docket No. 1530). Although the motion is filed on a form for use in applications for habeas corpus proceedings under 28 U.S.C. § 2241, Herndon's challenge to his conviction and sentence is governed by 28 U.S.C. § 2255. Acknowledging that it is his second one, Herndon includes a motion requesting a transfer to the Fifth Circuit for authorization to file a successive § 2255 motion. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court grants the defendant's motion and transfers this case to the Fifth Circuit for reasons set forth below.

I.  BACKGROUND

The background and procedural history in this case are set forth in an order entered on September 28, 2000, denying Herndon's initial motion for relief under 28 U.S.C. § 2255. It is sufficient to note that Herndon was indicted along with thirty other individuals in

connection with a conspiracy to manufacture and distribute cocaine base. A jury found Herndon guilty of conspiracy to possess with intent to distribute more than fifty grams of cocaine base. The jury also found Herndon guilty of three counts of distribution of less than five grams of cocaine base. As a result, the Court sentenced Herndon to serve 240 months in prison, followed by ten years of supervised release.

On March 8, 2000, the Fifth Circuit affirmed Herndon's conviction. Herndon promptly filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on June 30, 2000. (Criminal Docket No. 1320). The Court requested an answer from the government. After reviewing all of Herndon's claims, the Court denied relief in an order entered on September 28, 2000. (Criminal Docket No. 1336). The Fifth Circuit denied Herndon's request for a certificate of appealability. (Criminal Docket No. 1342).

On June 3, 2005, Herndon filed the pending motion seeking relief from his conviction and sentence.[1] (Criminal Docket No. 1530). Herndon argues that he is entitled to relief because he received ineffective assistance of counsel at his trial, sentencing, and appeal. Herndon argues further he was denied his Sixth Amendment right to a jury trial on the charges alleged in the indictment. Specifically, Herndon complains that the Court based his sentence on fact findings that were not presented to a jury or proven beyond a reasonable doubt. This Court lacks jurisdiction over these issues for reasons discussed briefly below.

## II.   SUCCESSIVE § 2255 MOTIONS

---

[1] The Clerk's Office filed the motion on June 8, 2005, but the defendant executed it on June 3, 2005, indicating that he placed this pleading in the prison mail system on or about that date.

As noted above, the pending § 2255 motion is the second one filed by the defendant. A second or successive motion under § 2255 must be certified, pursuant to the federal habeas corpus statutes codified at 28 U.S.C. § 2244, by a panel of the appropriate court of appeals to meet one of the following criteria:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. The arguments made by Herndon could have been presented in his initial motion.[2] The Court concludes therefore that the pending motion in this case meets the "second or successive" criteria. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (holding that an application is "second or successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ").

The plain language of 28 U.S.C. § 2255 provides that this Court cannot entertain a second or successive motion until after a panel of the Fifth Circuit authorizes the filing of such a motion. "Indeed, the purpose of this provision was to eliminate the need for the

---

[2] Herndon explains that he could not have raised his arguments previously because precedent in support of his Sixth Amendment claim was lacking. Presumably, Herndon references the recent decisions in *Blakely v. Washington*, — U.S. —, 124 S. Ct. 2531 (2004) and *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005), which held that punishment based on judicial fact findings under the Sentencing Guidelines violates the Sixth Amendment.

district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Herndon has not presented the requisite authorization. Because he has not shown any authorization from the Fifth Circuit, this Court lacks jurisdiction over his claims. *Id.* at 775.

**III.  TRANSFER**

Acknowledging that his motion is successive, Herndon asks this Court to transfer his motion to the Fifth Circuit. (Criminal Docket No. 1529). Only the Fifth Circuit has authority to authorize the filing of a successive § 2255 motion. Federal procedure allows a district court to transfer a successive habeas application to the circuit court for review under 28 U.S.C. § 2244(b)(2). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Under federal law,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.[3] "The legislative history of § 1631 indicates that Congress contemplated that the provision would aid litigants who were confused about the proper forum for review."

---

[3]  An order transferring a civil action under 28 U.S.C. § 1631 is not a final, appealable order. *See Brinar v. Williamson*, 245 F.3d 515, 518 (5th Cir. 2001). The Fifth Circuit will consider the defendant's motion as properly filed in the circuit court *ab initio*.

*Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (quotation omitted). Three conditions underlie a proper transfer: "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1073 (9th Cir. 2001).

This Court lacks jurisdiction to consider Herndon's claims until the Fifth Circuit, which could have exercised jurisdiction at the time Herndon filed the pending motion, makes a gateway determination concerning whether his claims warrant the filing of a successive motion. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 482 (1962)). In the interest of judicial economy and efficiency, this Court will grant Herndon's request and direct the Clerk to transfer his pending motion to the Fifth Circuit Court of Appeals for a determination of whether, under 28 U.S.C. § 2244(b)(2), it would authorize the filing of a successive motion under 28 U.S.C. § 2255 in this case.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The motion requesting a transfer to the Fifth Circuit (Criminal Docket No. 1529) is **GRANTED**.

2. The Clerk shall **TRANSFER** the defendant's pending motion under 28 U.S.C. § 2255 (Criminal Docket No. 1530) to the Fifth Circuit.

5

3. Civil Action No. H-05-2096 is **ADMINISTRATIVELY CLOSED** pending authorization from the Fifth Circuit.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **June 20, 2005**.

_____
Nancy F. Atlas
United States District Judge