IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-97-0036-23 |
| | § | |
| FRED LANDERS HERNDON JR. | § | (Civil Action No. H-05-2096) |
| | § | |

## **ORDER**

In 1997, a jury found the defendant, Fred Landers Herndon Jr., guilty of conspiracy to possess with intent to distribute more than fifty grams of cocaine base (*i.e.*, crack). The conviction was affirmed on direct appeal, and this Court denied post-conviction relief under 28 U.S.C. § 2255. On June 8, 2005, the defendant filed a second motion to vacate his conviction and sentence. The Court granted the defendant's request for a transfer to the Fifth Circuit for authorization to file a successive § 2255 motion. On October 11, 2005, the Fifth Circuit denied the defendant's request for authorization to proceed with a successive writ. The defendant now seeks "bail" and "supervised release" from prison pending a "motion to reopen his appeal" before the Fifth Circuit. (Criminal Docket No. 1546). The motion is denied for reasons set forth briefly below.

As authority for his motion, the defendant relies upon 18 U.S.C. § 3143(b), which governs the release of a convicted person pending his direct appeal. The proposed appeal or motion for rehearing in this case, however, challenges a determination by the Fifth Circuit that the defendant's motion to vacate the conviction is a successive writ barred by 28 U.S.C.

§§ 2244, 2255.  Release pending disposition of a 28 U.S.C. § 2255 motion may be granted only when the petitioner has raised a substantial constitutional claim upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist that make the grant of bond necessary to make the habeas remedy effective.  *See Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974).

Importantly, the defendant's § 2255 motion is no longer pending.  Nor is there any appeal to be had from the Fifth Circuit's refusal to authorize a successive writ.  *See* 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.").  The defendant has failed to demonstrate a high probability of success on his claims or that exceptional circumstances are present in this case.  The defendant fails to show that he is entitled to release pending appeal, and it is therefore **ORDERED** that his motion for "bail" or "supervised release" (Criminal Docket No. 1546) is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **February 14, 2006.**

_____
Nancy F. Atlas
United States District Judge